UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| OSAGE MASONRY HOLDINGS, LLC., | ) | Case No. 17-50080-can-11 |
| | ) | Chapter 11 |
| Debtor. | ) | |

**DEBTOR'S MOTION TO DISMISS**
**CHAPTER 11 CASE**

NOW COMES the Debtor, Osage Masonry Holdings, LLC (the "Debtor" or "Debtor-in-Possession"), by and through counsel, Colin N. Gotham of Evans & Mullinix, P.A. and by this Motion, requests this Court's dismissal of this Chapter 11 proceeding pursuant to 11 U.S.C. § 1112(b)(1). In support of this Motion, the Debtor says:

1. On July 25, 2017 (the "Petition Date"), Osage Masonry Holdings, LLC., a Missouri Corporation, filed a voluntary petition for relief under Chapter 11 of Title 11 of the of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"). Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor remains as Debtor-in-Possession.

2. Pursuant to this Court's August 29, 2017 Order Approving Sale of Assets, the Debtor has sold substantially all of its assets to Revere Partners, LLC., free and clear of all liens pursuant to 11 U.S.C. § 363(f)(2).

3. The sale of the Debtor's assets included, without limitation, all equipment, inventory, intangible assets, contracts, records and documents, licenses and permits and other assets, excluding all money in the bank accounts of Debtor, all Retained Records of Debtor and all causes of action under sections 544, 545, 546, 547, 548, 549, 550, 551 or 553 of the

Bankruptcy Code. The purchase price for the sale was Thirty Five Thousand Dollars ($35,000.00). The sale was free and clear of all liens pursuant to 11 U.S.C. § 363(f)(2).

4. Additionally, there was $5,000.00 from collected receivables.

5. The funds from the sale of assets and collected receivables have been distributed to the Internal Revenue Service, Evans & Mullinix, PA and the U.S. Trustee for fees pursuant to the Orders of the Court. There would be no funds available to unsecured creditors if the case was converted, and thus dismissal is proper.

6. 11 U.S.C. § 1112(b)(1) provides that a case may be dismissed upon request of a party in interest and after notice and a hearing. That section further provides that the Court shall dismiss or convert a case, whichever is in the best interest of creditors and the estate, unless the Court specifically identifies unusual circumstances that would establish otherwise.

7. The Debtor submits that there is no reason for this Debtor to remain in a bankruptcy proceeding and dismissal of this case is appropriate.

WHEREFORE, the Debtor, through its counsel, respectfully requests of this Court enter an Order dismissing this case and granting such additional relief as the Court deems appropriate.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*

Colin N. Gotham, KS #19538; MO#52343
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (Fax)
cgotham@emlawkc.com
*Attorneys for Debtor*

## NOTICE OF TIME TO OBJECT

This is to certify that a copy of the foregoing Motion was electronically filed with the court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system and forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the creditors listed on the attached mailing matrix.

Any party with an objection is directed to file a response to the motion within twenty-one (21) days of the date of this notice with the Clerk of the United States Bankruptcy Court. Documents can be filed electronically at http://ecf.mowb.uscourts.gov Information about electronic filing can be found on the Court website www.mow.uscourts.gov If a response is timely filed, a Notice of Hearing will be provided to all interested parties by the Court. If no response is filed within twenty-one (21) days, the Court will enter an order allowing the motion.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the court's Electronic Court Filing (ECF) System on the date entered on the court's docket.

Further, I certify that on the 13th day of December, 2017, copies of the Motion were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the creditors on the mailing matrix.

*s/ Colin N. Gotham*
Colin N. Gotham